UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| BERLINDA A. MADDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cv-296-HSM-SKL |
| | ) | |
| MEGHAN J. BRENNAN, *Postmaster* | ) | |
| *General of the United States* | ) | |
| *Postal Service*, | ) | |
| | ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

Before the Court is an application to proceed *in forma pauperis* ("IFP") filed by Plaintiff Berlinda A. Madden [Doc. 2]. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the rules of this Court.

Title 28 U.S.C. § 1915 authorizes an indigent plaintiff to file a complaint without prepayment of the usual filing fee. The purpose of the statute is "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*citing Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). The Court's review of an application to proceed IFP is generally based solely on the affidavit of indigence. *See*, *e.g.*, *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement a petitioner must meet in order to proceed IFP is to show, by affidavit, that she is unable to pay court fees and costs. 28 U.S.C. § 1915(a). An affidavit to proceed IFP is sufficient if it shows the petitioner's financial situation will not permit her to pay for the costs of the litigation and also be

able to provide the necessities of life for herself and her dependents. *Adkins*, 355 U.S. at 339.

Plaintiff's affidavit here does not show she is unable to pay the $400.00 filing fee while still affording the necessities of life. Plaintiff states that her net monthly income from her job as a mail handler with the United States Postal Service is $2,823.00 and her husband is currently employed as an equipment operator making $10 an hour. Adding up the list of monthly living expenses stated in her application, their itemized total monthly living expenses are $2,883.00. Additionally, Plaintiff has checking and savings accounts totaling approximately $8,000.00. No doubt, Plaintiff's financial situation is strained, but I cannot find she is unable to pay the Court's filing fee. Accordingly, I **RECOMMEND** the motion to proceed IFP [Doc. 2] be **DENIED**.[1]

In order to accommodate Plaintiff's financial situation, however, I further **RECOMMEND** that she be allowed to pay the filing fee in installments of $100 per month for four (4) months and that the clerk be directed to issue the a summons upon proper presentation by Plaintiff and payment of the initial $100 installment of the filing fee. I further **RECOMMEND** that Plaintiff provide for her own service of the summons and complaint at her own cost.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).