UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BERLINDA A. MADDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-296-HSM-SKL |
| | ) |
| MEGAN J. BRENNAN, | ) |
| Postmaster General, United States Postal Service, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court are three motions: (1) Defendant Megan J. Brennan's motion to compel and supporting memorandum [Docs. 73 & 74], with Plaintiff Berlinda Madden's response [Doc. 83]; (2) Plaintiff's motion for an order of protection [Doc. 78], with Defendant's response [82]; and (3) Plaintiff's motion to compel [Doc. 79], with Defendant's response [Doc. 85]. The Court held a hearing on these motions on January 19, 2018. These matters are now ripe.

**I.  Defendant's Motion to Compel**

Through her motion to compel, Defendant asks the Court to order Plaintiff to produce "any notes that Plaintiff consulted during her deposition on November 17, 2017, along with any other discoverable notes in her possession," in response to two of Defendant's requests for production:

> 5. Any and all documents which evidence, relate or otherwise pertain to notes or other writings made by you that relate in any manner to your employment with United States Postal Service ("USPS") since 2009 or relate to any matters encompassed by the Complaint, Amended Complaint, and/or other pleadings in this case

> 6. Any and all diaries and/or business or personal calendars and/or journals and/or appointment books or the like kept or possessed or maintained by, or on behalf of you for the period January 1, 2009 to the present

[Doc. 74 at Page ID # 362-63]. In the alternative, Defendant asks that Plaintiff be ordered to confirm in writing that all discoverable notes in her possession have been produced. The motion explains that Plaintiff referenced notes multiple times during her November 17, 2017, deposition. Defendant argues that the notes are relevant to the requests for production quoted above, and that the burden on Plaintiff to copy the notes and provide them to Defendant is low.

Prior to the hearing, Plaintiff produced only a photograph of a single page of notes. During a break in the hearing, Plaintiff produced additional pages of notes and Defendant received copies of these notes. Plaintiff further represented that she had no other discoverable notes in her possession.

Because Plaintiff produced the additional notes during the hearing, and represented that she had no other discoverable notes, and for the reasons further explained during the hearing, the Court finds that Defendant's motion to compel is now moot. Accordingly, Defendant's motion to compel [Doc. 73] is **DENIED** as **MOOT**.

## II.     Plaintiff's Motion for an Order of Protection

Through her motion for an order of protection, Plaintiff asks the Court to "protect" her witness, JR Takacs, due to the fact that attorneys for Defendant allegedly appeared at Mr. Takacs's workplace on December 11 or 12, 2017, and "each took [turns] drilling and intimidated him for about (4) four hours." [Doc. 78 at Page ID # 409].

In response, Defendant claims the meeting was 45 minutes long, and occurred during Mr. Takacs's normal work hours at Defendant's Chattanooga P&DC facility, where Mr. Takacs works. Defendant's lead counsel, AUSA Leah McClanahan, and the Civil Chief for the US Attorney's Office in the Eastern District of Tennessee., AUSA Loretta Harber, were present for the meeting.

As Defendant points out, Defendant is entitled to meet with an unrepresented witness to discuss the facts of the case. Defendant met with Mr. Takacs to discuss a declaration he signed in April 2017. Plaintiff has not shown good cause for a protective order and for the reasons stated more fully during the hearing, Plaintiff's motion for an order of protection [Doc. 78] is **DENIED**.

### III. Plaintiff's Motion to Compel

Through her motion to compel, Plaintiff seeks a copy of the transcript of her deposition as well as copies of any documents shown to her by Defendant during her deposition. She argues that Defendant "has continuously and repeatedly referred the Plaintiff to the Government Stenographer" to get a copy of the record of Plaintiff's deposition, but that it is Defendant's duty to "provide to the Plaintiff's a full and complete copy of the evidence that the defendants intend to introduce at trial." [Doc. 79 at Page ID # 412].

Defendant argues Plaintiff's motion is not well-taken because Plaintiff never served Defendant with any requests for production under Federal Rule of Civil Procedure 34, and because "to the extent, the documents constituted the record of the deposition, they could be obtained from the court reporter." [Doc. 85 at Page ID # 444].

Defendant also argues that the transcript of Plaintiff's deposition testimony is not part of the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A), because Defendant does not intend to rely on it at trial; and even if Defendant did intend to rely on it at trial, the scheduling order for this case contemplates that deposition designations be part of the parties' pretrial disclosures, not required as part of an ongoing duty to supplement initial disclosures.

The Court finds Defendant is correct that she is not required to provide Plaintiff with a copy of the transcript of Plaintiff's deposition testimony at Defendant's expense, and therefore the Court will deny Plaintiff's motion to the extent it seeks to compel Defendant to produce the same. The Court finds, however, that Defendant may be required to provide to Plaintiff a copy of any documents shown to Plaintiff during her deposition pursuant to the Court's order governing depositions, which provides in relevant part:

> Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them.

[Doc. 45].

For these reasons, and the reasons stated on the record at the hearing, Plaintiff's motion to compel [Doc. 79] is hereby **DENIED IN PART and GRANTED IN PART**. Plaintiff is not entitled to a copy of the transcript of her deposition testimony at Defendant's expense. Defendant **SHALL**, however, provide a copy of any documents shown to Plaintiff during her deposition, to

Plaintiff on or before **Friday, January 26, 2018.**

    SO ORDERED.

    ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE