UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

|  |  |  |
|---|---|---|
| BERLINDA A. MADDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-296-HSM-SKL |
| | ) | |
| MEGAN J. BRENNAN, | ) | |
| Postmaster General, United States Postal Service, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court are two related motions filed by pro se Plaintiff Berlinda Madden: (1) a motion to allow depositions by written questions pursuant to Fed. R. Civ. P. 31 [Doc. 84], and (2) a motion to modify the scheduling order [Doc. 95]. Defendants have responded in opposition to both motions [Docs. 86 & 96].[1] Plaintiff filed a reply [Doc. 98] and both motions are now ripe.

Plaintiff filed her motion to proceed with depositions by written question on January 4, 2018. Weeks later, Plaintiff filed her motion to modify the scheduling order on January 30, 2018. She now seeks to extend the expired January 16, 2018 discovery deadline set in the Court's scheduling order to allow her time to depose various individual Defendants by written question and to send interrogatories to another Defendant [*see* Doc. 95-1]. Plaintiff states that the Court should extend the deadline and allow the belated discovery because "Defendant has not been

---

[1] Although at times Defendants refer to "Defendant" in the singular, defense counsel confirmed during a hearing held January 19, 2018 that the filings represent the position of all Defendants. Plaintiff's motion to modify the scheduling order also appears to be a reply to Defendants' response to the first motion filed by Plaintiff.

cooperative during discovery and could have expressly agreed to the written questions but did not." [Doc. 95 at Page ID # 582].

A court may modify a Rule 16(b) scheduling order for "good cause." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir. 2001)). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.; see also Moore v. Indus. Maint. Serv. of Tenn., Inc.*, 570 F. App'x 569, 577 (6th Cir. 2014). When a motion to extend is filed after a deadline expires, as here, the moving party must also make a showing of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). The Sixth Circuit has described the excusable neglect standard as "strict" and "met only in extraordinary cases." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005).

Plaintiff acknowledges that she must establish good cause to obtain a modification of the discovery deadline, but she fails to establish any such good cause. Instead, Plaintiff merely states that she initially inquired about deposing witnesses by written question, apparently thinking it would avoid the expense of a court reporter, in correspondence sent to Defendants' counsel on November 27, 2017[2] [Doc. 95 at Page ID # 581]. Plaintiff contends Defendants did not agree to such depositions [Doc. 84 at Page ID # 441 & Doc. 95 at Page ID # 581]. Plaintiff fails to explain why she waited to file her motion to proceed to depose Defendants by written question until

---

[2] Plaintiff did not attach a copy of the November 27, 2017 letter; however, Defendants attached a copy of the letter to their response [Doc. 86-1].

January 4, 2018.  She also fails to address that by the time the motion was ripe, the discovery deadline was closed, as was discussed in the hearing held January 19, 2018 [Doc. 89].  Even after that discussion, Plaintiff did not file a motion to modify the scheduling order until January 30, 2018.

Defendants have opposed Plaintiff's motions on a number of grounds, including that the discovery deadline has passed.  Defendants dispute Plaintiff's version of events and set out their alleged version of the circumstances leading to the motions.  Defendants emphatically dispute Plaintiff's contention that they have been "uncooperative" in any way.  The Court need not determine which version of events is more accurate because, under either version, Plaintiff has not shown a sufficient basis for extension of the expired discovery period.

The Court's scheduling order states, "All discovery, including the taking of depositions 'for evidence,' shall be completed by **January 16, 2018**.  After this date, the parties may conduct discovery by agreement, but the Court will not involve itself in any disputes that may arise." [Doc. 44].  Whether the "good cause" standard of Rule 16, the higher "extraordinary circumstances" standard set in the scheduling order, or the "excusable neglect" standard of Rule 6 is applied, Plaintiff has failed to meet the standard for modification of the Court's scheduling order.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  As the Sixth Circuit Court of Appeals has observed, a determination of good cause shown includes consideration of "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . discovery requests." *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2013) (alteration in original) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478

(6th Cir. 2010)) (internal quotation marks omitted). The central question among these factors is whether a party acted diligently. *Gatza v. DCC Litig. Facility, Inc.*, No. 16-2396, 2017 WL 4900454, at *2 (6th Cir. Oct. 31, 2017) (citing *Dowling*, 593 F.3d at 478), *petition for cert. filed*, Jan. 21, 2018, No. 17-1064. "A court asked to modify a scheduling order for good cause may do so only if a deadline cannot reasonably be met despite the diligence of the party seeking the extension." *Marcilis v. Twp. of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)) (internal quotation marks and alteration omitted); *see also Bentkowski*, 637 F.3d at 696.

Plaintiff failed to address all but one of the good cause factors under Rule 16. As to when she learned of the issue that is the subject of her discovery, Plaintiff's discovery addresses matters alleged in her complaint. Plaintiff provides no explanation for why she failed to send interrogatories to, or depose, the Defendants earlier. As to how the discovery would affect her case, she again provides no explanation. Likewise, she does not address her failure to engage in discovery during the lengthy discovery period or why she was dilatory in requesting discovery.

Plaintiff attempts to address the final factor for good cause by claiming Defendants were not "cooperative during discovery and could have expressly agreed to the written questions but did not." [Doc. 95 at Page ID # 582]. While Defendants hotly contest this assertion, even if it were true it would not support a finding of good cause as Defendants informed Plaintiff of their response to her request to depose them by written question within the discovery period. Even weighing this factor in Plaintiff's favor, however, all other factors weigh against her, primarily her lack of diligence in conducting discovery. This predicament is further complicated by Plaintiff's failure to file her motion seeking additional time to conduct depositions until two weeks after the expiration of the discovery period. Plaintiff has provided no persuasive information or argument

regarding why she failed to timely complete discovery in the almost ten months-long discovery period or why she should receive additional time to conduct discovery after the expiration of the discovery deadline.

The Court understands the difficulties of proceeding pro se, but the Court finds Plaintiff has not been diligent. While it is not necessary to address prejudice, the Court notes that Defendants have a motion for summary judgment pending and that opening discovery at this late date would necessarily cause a delay in the proceedings. As a result, Plaintiff's motion to allow depositions by written questions pursuant to Rule 31 [Doc. 84] and her motion to modify the schedule order to extend the discovery deadline [Doc. 95] are **DENIED**. *See Bentkowski,* 637 F.3d at 696-97 (upholding district court's denial of extension when plaintiff filed motion on the evening of the discovery deadline, was not diligent and offered no explanation for his lack of diligence).

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE