UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BERLINDA A. MADDEN, )<br>)<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>MEGAN J. BRENNAN, )<br>Postmaster General, United States Postal Service, )<br>*et al.*, )<br>)<br>)<br>Defendants. ) | Case No. 1:15-cv-296-HSM-SKL |

## **REPORT AND RECOMMENDATION**

Before the District Court is a motion filed by *pro se* Plaintiff/Appellant Berlinda A. Madden ("Madden") requesting an installment plan for payment of the filing fees associated with her appeal of this Court's final decision to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") [Doc. 121].[1] The Sixth Circuit generally requests that the District Court make an initial determination regarding whether a party on direct appeal is indigent [Doc. 120], and

---

[1] Madden's case has been assigned docket case number 18-6001 by the Sixth Circuit [Doc. 120]. At the inception of her case, Madden's motion for leave to proceed IFP in the District Court was denied, but Madden was permitted to pay the filing fee in increments of $100 per month to ease her financial burden [Doc. 5]. The undersigned has been advised by a deputy clerk of the Sixth Circuit that appellants are not permitted to pay the filing fee for an appeal in installments and/or incrementally.

Madden's filing is being considered as a proper motion seeking *in forma pauperis* ("IFP") status on appeal. Accordingly, Madden was required to file an updated and appropriate IFP application in order for the District Court to make an initial determination as to whether Madden is currently unable to pay the filing fees for an appeal in full [Doc. 122]. As ordered, Madden timely filed her IFP application [Doc. 123].

Title 28 U.S.C. § 1915 authorizes an indigent plaintiff to file a complaint without prepayment of the usual filing fees. The purpose of the statute is "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*citing Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). Review of a request to proceed IFP is generally based solely on the affidavit of indigence. *See*, *e.g.*, *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement an indigent plaintiff must meet in order to proceed IFP is to show, by affidavit, that she is unable to pay court fees and costs. 28 U.S.C. § 1915(a). An affidavit to proceed IFP is sufficient if it shows an indigent plaintiff's financial situation will not permit her to pay for the costs of the litigation and also be able to provide the necessities of life for herself and her dependents. *Adkins*, 355 U.S. at 339.

Madden's IFP application does not show she is unable to pay the $505.00 filing fee on direct appeal while still affording the necessities of life. Madden states she is currently employed, but it is somewhat difficult to determine her total monthly income as she failed to list that amount as required on Page 9 of the IFP application [Doc. 123 at Page ID #776].[2] However, Madden

---

[2] Madden's confusing responses to the section of the IFP application which requires the listing of

clearly reported a $4,214.00 balance in her savings accounts and $978.00 balance in her checking accounts. Moreover, Madden's itemized monthly living expenses add up to $2,667.50 (rather than the reported $2,717.50 on Page 7 of the IFP application) and her monthly net income is $3,800 [Doc. 123 at Page ID ## 769, 774]. Upon review of Madden's assets, it also appears that she has an interest in two real estate properties, the home at which she is currently residing according to Page 2 of her IFP application and a property in Ooltewah, Tennessee [Doc. 123 at Page ID ## 769, 771-72]. Additionally, Madden claims no dependents. In short, Madden has reported sufficient resources to pay the filing fees after her monthly living expenses are satisfied

From a thorough review of the IFP application, I cannot find that Madden is unable to pay the filing fees to appeal or that her financial situation will not permit her to pay for the costs of the litigation and also be able to provide the necessities of life. Accordingly, I **RECOMMEND** that

---

both gross and net salary and wages per month, states "Workers Compensation since 2011 See Attachment" in the section in which Gross salary and wage should be listed and then lists Net monthly income as $3,800. The attachment which Madden referenced in the section of her IFP application where gross salary and wages information was required, states that sometime around April 30, 2018 her workers' compensation payments were terminated and "[t]o date the benefits have not been fully restored and pay has not been fully restored." [Doc. 123 at Page ID # 778]. It is unclear if Madden's reference to "pay" is referring to a reduction in her employment income or other income or benefits. Additionally, Madden states she has received in the last 12 months $136.24 in Veteran's Administration Disability [Doc. 123 at Page ID # 770]. She does not state if this is a monthly benefit or a one-time payment.

3

Madden's motion and IFP application [Docs. 121 & 123] be **DENIED**.[3]

                                                      s/ *Susan K. Lee*

                                                      SUSAN K. LEE
                                                      UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987). ***See also* Sixth Circuit Clerk's letter dated September 21, 2018, regarding the right to renew the motion to proceed IFP with the Sixth Circuit [Doc. 120].**